IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONICA M. CARDOSO,

    Plaintiff,

v.

COUNTY OF SAN MATEO ET AL.,

    Defendants.

No. C 12-05130 CRB

**ORDER DENYING MOTION TO DISMISS**

This is an excessive force case. Plaintiff Monica Cardoso says in her complaint that after she was arrested for DUI and placed in a holding cell, an unidentified San Mateo County Sheriff's Deputy "walked in and stated to Plaintiff, 'are you fucking stupid?' and yanked her right arm so suddenly and violently that he caused a spiral fracture of Plaintiff's right arm." Compl. ¶ 8. That is the entire factual record before the Court relevant to Defendants' pending motion to dismiss one of Cardoso's nine claims. See dkt. 10.

Defendants contend that Cardoso's claim under California Civil Code section 52.1[1] fails in light of a recent California Court of Appeal case, Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (Ct. App. 2012). In Defendants's view, Shoyoye resolved a split in authority–both among state courts and federal district courts applying state law–about

---

[1] Known as the Bane Act, section 52.1 provides a cause of action where "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States."

whether something beyond an inherently coercive constitutional violation is required to state a section 52.1 claim.

The impact of Shoyoye on Cardoso's section 52.1 claim is not straightforward, and federal district courts interpreting Shoyoye continue to disagree about its significance. Compare, e.g., Hunter v. City and Cnty. of S.F., No. 11-4911-JSC, 2012 WL 4831634, at *5-6 (N.D. Cal. Oct. 10, 2012), with Quinn v. Fresno Cnty. Sheriff, No. 10-CV-1617, 2012 WL 6561562, at *5 (E.D. Cal. Dec. 14, 2012).

Whether Cardoso has stated a claim in this case may turn on details about the alleged application of excessive force–details which are unavailable at this early stage in the litigation. Accordingly, the Court DENIES Defendants' motion to dismiss Cardoso's eighth claim for relief, without prejudice to Defendants' ability to raise the same arguments based on a more complete factual record.

**IT IS SO ORDERED.**

Dated: January 11, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE